**Orellana v 5541-1274 Fifth Ave. Manhattan LLC**

2026 NY Slip Op 30818(U)

March 9, 2026

Supreme Court, New York County

Docket Number: Index No. 152497/2020

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. LYLE E. FRANK** | PART 11M |
| *Justice* | |

-------------------------------------------------------------------------------X

MILTON ALFREDO BARRERA ORELLANA,

                Plaintiff,

         - v -

5541-1274 FIFTH AVENUE MANHATTAN LLC,REIDY
CONTRACTING GROUP LLC,H&L IRONWORKS CORP.,
LCD ELEVATOR, INC.,AKELIUS REAL ESTATE,

                Defendant.

| INDEX NO. | 152497/2020 |
|---|---|
| MOTION DATE | 03/14/2025 |
| MOTION SEQ. NO. | 007 |

**DECISION + ORDER ON MOTION**

-------------------------------------------------------------------------------X

REIDY CONTRACTING GROUP LLC

                Plaintiff,

         -against-

H&L IRONWORKS CORP., LCD ELEVATOR INC.

                Defendant.

Third-Party
Index No. 595725/2020

-------------------------------------------------------------------------------X

5541-1274 FIFTH AVENUE MANHATTAN LLC

                Plaintiff,

         -against-

LCD ELEVATOR, INC., TOUCHSTONE CONTRACTING INC.

                Defendant.

Second Third-Party
Index No. 595899/2020

-------------------------------------------------------------------------------X

H&L IRONWORKS CORP.

                Plaintiff,

         -against-

TOUCHSTONE CONTRACTING INC.

                Defendant.

Third Third-Party
Index No. 595319/2023

-------------------------------------------------------------------------------X

[* 1]

The following e-filed documents, listed by NYSCEF document number (Motion 007) 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 294, 300, 305, 309, 317, 318, 319, 326, 327, 328, 329, 338, 339, 340, 341, 354, 359, 365, 370, 375, 379, 380, 386 were read on this motion to/for     JUDGMENT - SUMMARY    .

Upon the foregoing documents, the motion is granted in part.

## Background

This motion arises out of a Labor Law case involving an incident at a construction site located on a premises owned by defendants Akelius Real Estate Management LLC ("Akelius") 5541-1274 Fifth Avenue Manhattan LLC ("Fifth" or collectively with Akelius "Owners"). The general contractor for the project was defendant Reidy Contracting Group, LLC ("Reidy" or "GC"). Plaintiff was a bricklayer, employed by defendant Touchstone Contracting, Inc. ("Touchstone" or "Employer"). He was working on a scaffold on the day in question when an unsecured cinderblock or brick fell and injured him. Plaintiff was positioned beneath an elevator bulkhead above the rooftop. A plastic tarp had been placed on top of the bulkhead in order to protect the elevator from the weather, and it is alleged that the tarp was secured with cinderblocks and that on the day in question, a gust of wind blew one of the cinderblocks off the tarp onto Plaintiff.

### Procedural Background

Plaintiff commenced this underlying proceeding in March of 2020, pleading claims against Owners and GC. Both defendants answered, and the GC filed a third-party complaint in September of 2020, pleading claims for indemnification and contribution against two sub-contractors on the site: H&L Ironworks Corp. ("H&L" or "Masonry Subcontractor") who was hired by Reidy and themselves sub-contracted Employer, and LCD Elevator, Inc. ("LCD" or "Elevator Subcontractor"), who was hired directly by Owners. Both H&L and LCD have

answered the third-party complaint. Plaintiff has filed several verified bills of particulars in this case.

In June of 2022, Plaintiff commenced a separate action against Akelius, which has since been consolidated with this action. In May of 2023, the GC filed a motion for summary judgment seeking dismissal of the labor law claims against them and contractual indemnity from H&L. A decision from this Court granted dismissal of the common law negligence, Labor Law § 200, and Labor Law 241(6) claims against the GC (the "December Order"). In dismissing the Labor Law 241(6) claim, the Court reasoned that it was undisputed that work was not being done overhead at the time of the accident and therefore "the movant has established that section 23-1/7(a) [of the Industrial Code] is inapplicable to the instant case." The December Order also noted that the GC had failed to meet their burden on establishing contractual indemnity because there were questions of fact going to whether the accident in question was "cause or contributed by" H&L's work as they were not present on the roof at the time of the accident. The GC appealed the December Order, which was affirmed by the First Department. Plaintiff filed the Note of Issue in January of 2025.

**Standard of Review**

Under CPLR § 3212, a party may move for summary judgment and the motion "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party." CPLR § 3212(b). Once the movant makes a showing of a prima facie entitlement to judgment as a matter of law, the burden then shifts to the opponent to "produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action." *Stonehill Capital Mgt. LLC v. Bank of the W.*, 28 N.Y.3d 439, 448 [2016].

The facts must be viewed in the light most favorable to the non-moving party, but conclusory statements are insufficient to defeat summary judgment. *Id.*

**Discussion**

In this motion, Owners move for summary judgment dismissing the complaint and any cross-claims asserted against them, and for conditional summary judgment on their claims for contractual and common law indemnity asserted against Reidy and LCD. The motion is opposed by LCD and Reidy as it relates to the indemnity and cross-claims portion. Plaintiff does not oppose the portion of the motion regarding his claims against Owners. Those claims will therefore be dismissed, and the issue becomes whether Owners are entitled to summary judgment dismiss the cross-claims asserted against them and granting their claims for conditional summary judgment. For the reasons that follow, the motion is otherwise denied as premature.

*Owners Are Not Entitled to Conditional Summary Judgment on the Contractual Indemnification or Common Law Indemnification Claims at This Time*

Turning first to the matter of contractual indemnification, the general rule is that a party is entitled to contractual indemnification only when "the contractual language evinces an 'unmistakable intent' to indemnify." *Great Northern Ins. Co. v. Interior Constr. Corp.*, 7 N.Y.3d 412, 417 [2006]; *see also Drzewinski v. Atlantic Scaffold & Ladder Co.*, 70 N.Y.2d 774, 777 [1987] (holding that a "party is entitled to full contractual indemnification provided that the intention to indemnify can be clearly implied from the language and purposes of the entire agreement and the surrounding facts and circumstances").

The terms of the indemnification provision in Owners' agreement with Reidy states that Reidy will indemnify the Owners for injuries "caused by the Contractor's or its Subcontractors' Work." Owners argue that the injury in question must have been caused by Reidy or a

subcontractor, therefore they are entitled to indemnification from Reidy. In opposition to this portion of the motion, Reidy argues that the injury was not caused by them or any of their subcontractors, and therefore the contractual indemnification provision is not triggered. In the December Order, this Court has already held that Reidy was not negligent under the common law, that Reidy did not violate Labor Law § 200, and that LCD was not retained by Reidy's subcontractor H&L. Owners argue that either Reidy and/or one of their subcontractors, or LCD, must have been the negligent cause of Plaintiff's injury. Therefore, they argue, Owners are entitled to conditional summary judgment against both entities.

Reidy is correct in stating that because LCD was not hired by them, if the accident was caused by LCD's negligence then the contractual indemnification provision with Owners would not be triggered. But this Court has already held that there are material issues of fact going to whether the accident was caused by H&L, who was hired by Reidy. Therefore, it is possible that ultimately Reidy's subcontractor will be deemed to be the cause of the accident, in which case the contractual indemnification provision would be triggered.

The indemnification language of the agreement between Owners and LCD states that LCD will indemnify the Owners for injuries "caused by the negligent acts or omissions" of LCD or a subcontractor. The Court notes that in the December Order, it has previously held that there are issues of fact going to whether LCD was responsible for the injury. It also held that due to the questions of fact in this case, conditional indemnity was not appropriate. The same analysis applies here. Because there are material questions of fact going to who was responsible for the injury, and therefore which contractual indemnification provision would be triggered, the Court cannot grant conditional contractual indemnity at this time. As common law indemnification likewise requires a finding of responsibility for the work giving rise to the injury, it is premature

[* 5]

to grant summary judgment on the common law indemnification claim as well. *See, e.g., Rodriguez v. Metropolitan Life Ins. Co.*, 234 A.D.2d 156, 156 [1st Dept. 1996]. Accordingly, it is hereby

ADJUDGED that the motion is granted in part; and it is further

ORDERED that plaintiff Milton Alfredo Barrera Orellana's Labor Law § 200 and § 241(6) claims against defendants 5541-1274 Fifth Avenue Manhattan LLC and Akelius Real Estate Management LLC are hereby dismissed; and it is further

ADJUDGED that the motion for summary judgment on the contractual and common law indemnification claims is denied as premature.

20260309162548LFRANKF913F7E849CA4CE29D8AD92ED84C0596

_____
**3/9/2026**
**DATE**

_____
**LYLE E. FRANK, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 6]